# Kasell Law Firm

July 16, 2026

*via CM/ECF*

The Honorable Arlene R. Lindsay
United States Magistrate Judge
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

> **Re:** ***Gagliardi v. Port Jeff Chrysler Jeep, Inc.***, **No. 26 Civ. 02961 (KAM) (ARL) — Response to Defendant's Request for a Pre-Motion Conference (ECF No. 12)**

Dear Judge Lindsay:

I represent Plaintiff Gina R. Gagliardi and write in response to Defendant Port Jeff Chrysler Jeep, Inc.'s letter of July 16, 2026 (ECF No. 12), which requests a pre-motion conference in anticipation of a motion under Rule 55(c) of the Federal Rules of Civil Procedure to set aside the Clerk's entry of default. No conference is necessary, and the request should be denied. Or, at a minimum, the pre-motion conference requirement waived and Defendant directed to file its motion, if any, so that the matter may be decided on a proper record.

**Background.** This action, filed on May 18, 2026, arises from Defendant's sale to Plaintiff of a **purportedly** new motor vehicle. (Compl. ¶¶ 1, 5, 13; ECF No. 1.) Defendant represented the vehicle to be new, and the bill of sale and the Retail Certificate of Sale (MV-50) identified it as new; yet the vehicle had approximately 2,442 miles on the odometer at the time of purchase, and the Retail Installment Sale Contract ("RISC") that Plaintiff executed identified it as a demonstrator, or "demo." (*Id.* ¶¶ 5, 16–18.) The manufacturer's window sticker listed the vehicle at approximately $48,375, yet the RISC reflected a cash price of approximately $60,643.07. (*Id.* ¶¶ 2–3, 14–15.) The Complaint asserts claims under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and Regulation Z; New York General Business Law §§ 349 and 350; and common law fraud. (*Id.* ¶¶ 6, 21–34.)

**Procedural posture.** Defendant was served with the Summons and Complaint on May 26, 2026, making its answer due June 16, 2026. (ECF No. 7.) Defendant did not answer, appear, or otherwise respond. Plaintiff requested a certificate of default on June 22, 2026 (ECF No. 8); after that request was denied under Local Civil Rule 55.1, Plaintiff re-filed it on June 25, 2026 (ECF No. 9), and the Clerk entered Defendant's default on July 1, 2026 (ECF No. 10). Defendant first

1

appeared on July 14, 2026 (ECF No. 11), and filed the present letter seeking a pre-motion conference on July 16, 2026 (ECF No. 12).

**No pre-motion conference is required for the motion Defendant proposes.** A Rule 55(c) motion to set aside an entry of default is non-dispositive, and no conference is required for it under either assigned judge's rules. Judge Matsumoto's Individual Practices expressly exempt "default motions" from the pre-motion conference requirement, and direct that non-dispositive motions be "addressed to the assigned Magistrate Judge… in accordance with that Magistrate Judge's individual practices." Individual Practices of Judge Kiyo A. Matsumoto § III.A–B. Your Honor's Individual Practices, in turn, provide that non-dispositive motions "may be made… by a letter motion," and that "[t]he parties are not required to request a pre[-]motion… conference with the court prior to submitting a letter motion"; only a motion for summary judgment requires a conference. Individual Practices of Magistrate Judge Arlene R. Lindsay § 2(A), (D).

The request is therefore unnecessary and may be denied; Defendant, if it wishes to be heard, should simply file its motion. Deciding the question on complete papers, rather than at a conference convened on a letter that supplies no grounds, would conserve the Court's and the parties' resources — and Plaintiff should not be required to respond to grounds raised for the first time in the middle of a conference.

**Plaintiff's forthcoming default-judgment motion is a further reason no conference is needed.** Plaintiff intends to move shortly, pursuant to Rule 55(b), for entry of a default judgment against Defendant — a dispositive motion that will be addressed to the District Judge and that, as a "default motion," is itself exempt from the pre-motion conference requirement. Individual Practices of Judge Kiyo A. Matsumoto § III.B. Defendant will have a full opportunity to be heard in that posture: it may oppose the motion and, if it wishes, cross-move under Rule 55(c) to set aside the default, presenting whatever grounds and meritorious defense it contends it has. The propriety of the default, and Defendant's request to be relieved of it, will thus be squarely before the District Judge, on a complete record and a single briefing schedule. A separate conference before Your Honor would only duplicate and fragment that process.

**In any event, Defendant's letter states no grounds for the relief it seeks.** A motion to vacate an entry of default requires a showing of "good cause," which in this Circuit turns on the willfulness of the default, prejudice to the non-defaulting party, and the existence of a meritorious defense. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Defendant's letter merely recites these factors as conclusions. It offers no explanation for the failure to answer or appear for nearly seven weeks after service, and nearly a month after the answer was due

(*see* ECF No. 7), and thus no basis to find the default was not willful; it asserts an absence of prejudice without discussion; and, while stating that Defendant "has a meritorious defense" (ECF No. 12, at 1), it never identifies what that defense is. That omission is decisive, for a bare, conclusory assertion will not do: the defaulting party "must present evidence of facts that, if proven at trial, would constitute a complete defense." *Enron Oil*, 10 F.3d at 98; *see SEC v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998). The letter's imprecision underscores the point: it represents that Plaintiff filed the Complaint "[o]n or about September 18, 2026" (ECF No. 12, at 1), a date that has not yet arrived; the Complaint was in fact filed in May (ECF No. 1). With no reason given for the default and no defense identified, there is nothing for the Court to take up at a conference and nothing to which Plaintiff can meaningfully respond.

For these reasons, Plaintiff respectfully requests that the Court: (1) deny Defendant's request for a pre-motion conference as unnecessary under the Court's Individual Practices; or, in the alternative, (2) waive any pre-motion conference requirement and permit Defendant either to file any motion to vacate the default directly or to raise its arguments in opposition to, and by cross-motion on, Plaintiff's forthcoming motion for a default judgment before the District Judge, so that the issue may be decided on a proper record; and (3) grant such other and further relief as the Court deems just and proper. Should the Court prefer to hold a conference notwithstanding the foregoing, Plaintiff is of course available at the Court's convenience.

Thank you for the Court's time and consideration.

Respectfully submitted,
**Kasell Law Firm**

By: /s/ *David M. Kasell*
David M. Kasell
*Attorney for Plaintiff Gina R. Gagliardi*
1038 Jackson Avenue, Suite #4
Long Island City, New York 11101
Office: (718) 404-6668
Email: david@kaselllawfirm.com

cc:    Ryan Bannon, Esq., Curcio & Bannon, PLLC (via CM/ECF)