UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GINA R. GAGLIARDI,

        *Plaintiff,*

     – against –

PORT JEFF CHRYSLER JEEP INC.,

        *Defendant.*
------------------------------------------------------------------X

2:26-cv-02961 (KAM) (ARL)

### DECLARATION OF DAVID M. KASELL, ESQ.
### IN SUPPORT OF PLAINTIFF'S MOTION
### FOR A DEFAULT JUDGMENT

I, David M. Kasell, Esq., an attorney duly admitted to practice before this Court, declare the following under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.     I am the attorney for Plaintiff Gina R. Gagliardi in this action and am fully familiar with the facts and proceedings herein. I submit this declaration in support of Plaintiff's motion, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 55.2, for a default judgment against Defendant Port Jeff Chrysler Jeep Inc.

2.     Plaintiff commenced this action on May 18, 2026, by filing the Complaint. ECF No. 1. The Complaint asserts claims under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and Regulation Z; New York General Business Law §§ 349 and 350; and common-law fraud, all arising from Defendant's sale to Plaintiff of a purportedly new motor vehicle that was in fact a used demonstrator, at a price far above the advertised price. Pursuant to Local Civil Rule 55.2(b), a copy of the Complaint is annexed hereto as **Exhibit 1**.

1

3.      Defendant is a domestic business corporation organized under the laws of the State of New York. Compl. ¶ 8. On May 26, 2026, Defendant was duly served with the Summons and Complaint by personal delivery of two copies to Bryan Milner, an authorized agent in the office of the New York Secretary of State, pursuant to Section 306 of the New York Business Corporation Law and Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure. Proof of service was filed on May 27, 2026. ECF No. 7. A copy of the affidavit of service is annexed hereto as **Exhibit 2**.

4.      Defendant's time to answer or otherwise respond to the Complaint expired on June 16, 2026. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant did not answer, move, appear, or otherwise respond by that date, or for weeks afterward.

5.      Plaintiff requested a certificate of default on June 22, 2026, ECF No. 8, and re-filed that request on June 25, 2026, ECF No. 9. On July 1, 2026, the Clerk of the Court entered Defendant's default pursuant to Rule 55(a). ECF No. 10. Pursuant to Local Civil Rule 55.2(b), a copy of the Clerk's Certificate of Default is annexed hereto as **Exhibit 3**.

6.      On July 14, 2026—seven weeks after service and two weeks after the entry of its default—Defendant appeared by counsel. ECF No. 11. On July 16, 2026, Defendant filed a letter requesting a pre-motion conference in anticipation of a motion under Rule 55(c) to set aside the default; the letter offered no explanation for Defendant's default and identified no defense to Plaintiff's claims. ECF No. 12. Plaintiff responded by letter the same day. To date, Defendant has not answered the Complaint, moved to vacate its default, or identified any defense.

7.      Defendant is a domestic business corporation. It is not an infant or an incompetent person, and it is not in the military service of the United States within the meaning of the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.*

8.      The facts of Plaintiff's transaction with Defendant are set forth in the Affidavit of Gina R. Gagliardi, sworn to July 16, 2026 (the "Gagliardi Affidavit"), which, together with its exhibits, is annexed hereto as **Exhibit 4**.

9.      The Gagliardi Affidavit annexes the documents from the transaction: the manufacturer's window sticker advertising the Vehicle at $48,375 **(Ex. A)**; the Retail Installment Sale Contract (the "RISC"), which identified the Vehicle as a "demo" and reflected a cash price of $63,099.55—a $60,643.07 vehicle price plus $2,456.48 in sales tax—together with a $16,928.98 finance charge **(Ex. B)**; the bill of sale identifying the Vehicle as new **(Ex. C)**; and the MV-50 identifying the Vehicle as new, with an odometer reading of 2,442 miles **(Ex. D)**.

10.      As detailed in the accompanying Memorandum of Law, Plaintiff seeks rescission of the transaction and restitution restoring her to the status quo ante; actual damages of $14,724.55, to the extent not duplicative of restitution; statutory damages of $2,000.00 under the Truth in Lending Act, 15 U.S.C. § 1640(a); additional statutory damages under New York General Business Law §§ 349(h) and 350-e(3); attorney's fees and costs; and pre- and post-judgment interest.

11.      Plaintiff has incurred $7,920.00 in attorney's fees—13.2 hours of attorney time at $600.00 per hour—and $405.00 in costs, consisting of the fee to commence this action in this District, for a total of $8,325.00, as shown by my firm's contemporaneous billing records, a copy of which is annexed hereto as **Exhibit 5**.

3

12.    Pursuant to Local Civil Rule 55.2(b), a proposed form of default judgment is annexed hereto as **Exhibit 6**.

13.    Pursuant to Local Civil Rule 55.2(c), contemporaneously with this motion, true and correct copies of all of the motion papers are being mailed by first-class mail to Defendant at its last known business address, Port Jeff Chrysler Jeep Inc., 5130 Nesconset Highway, Port Jefferson Station, New York 11776, and are being served on Defendant's counsel of record via CM/ECF; proof of mailing will be filed with the Court.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff's motion in its entirety; enter a default judgment against Defendant in the form annexed hereto as Exhibit 6, awarding Plaintiff rescission and restitution, actual damages, statutory damages, attorney's fees and costs, and pre- and post-judgment interest; and grant such other and further relief as the Court deems just and proper.

Dated: July 17, 2026
        Long Island City, New York

**Kasell Law Firm**

By: /s/ *David M. Kasell*
David M. Kasell
1038 Jackson Avenue, Suite #4
Long Island City, New York 11101
Office: (718) 404-6668
Email: david@kaselllawfirm.com
*Attorney for Plaintiff Gina R. Gagliardi*

4