UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
GINA R. GAGLIARDI,

                             Plaintiff(s),

    -against-

PORT JEFF CHRYSLER JEEP INC.,

               Defendant(s).
-------------------------------------------------------------------------X

Case No.:

Jury Trial Demanded

        **AS AND FOR PLAINTIFF'S COMPLAINT,** in the above-captioned action, plaintiff Gina R. Gagliardi ("Plaintiff"), by and through Plaintiff's attorneys, Kasell Law Firm, alleges as follows:

## NATURE OF THE ACTION

1. This action arises from Defendant's deceptive, misleading, and unlawful conduct in connection with the sale of a purportedly new motor vehicle to Plaintiff.

2. The manufacturer's window sticker for the vehicle listed a price of approximately $48,375.

3. The Retail Installment Sale Contract ("RISC") executed by Plaintiff, however, reflected a cash price of approximately $60,643.07.

4. At the time of purchase, the vehicle had approximately 2,492 miles on the odometer.

5. Plaintiff wanted, and Defendant represented to Plaintiff that the vehicle was a new vehicle. However, although the RISC identified the vehicle as a demonstrator or "demo," the bill of sale and Retail Certificate of Sale (MV-50) both identified the vehicle as new.

6. Defendant's conduct constitutes deceptive acts and practices, false advertising, fraudulent misrepresentation, and violations of federal and state consumer protection statutes, including but not limited to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., Regulation Z, and New York General Business Law §§ 349 and 350.

## PARTIES

7. Plaintiff Gina R. Gagliardi is a natural person residing in the State of New York and is a consumer within the meaning of applicable consumer protection statutes.

8. Upon information and belief, Defendant Port Jeff Chrysler Jeep Inc. is a domestic business corporation organized under the laws of the State of New York with a principal place of business located within Suffolk County, New York.

9. Defendant is engaged in the business of selling, financing, and servicing motor vehicles to consumers.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law, including the Truth in Lending Act.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial portion of the acts and omissions giving rise to the claims occurred within this District.

## FACTUAL ALLEGATIONS

13. Plaintiff visited Defendant's dealership for the purpose of purchasing a new motor vehicle.

14. The manufacturer's window sticker listed the vehicle at approximately $48,375.

15. Despite the foregoing, the RISC executed by Plaintiff reflected a cash price of approximately $60,643.07.

16. At the time of purchase, the vehicle had approximately 2,442 miles on the odometer.

17. Defendant represented to Plaintiff that the vehicle was new.

18. Although the RISC identified the vehicle as a demonstrator vehicle, the bill of sale and MV-50 issued to Plaintiff both identified the vehicle as new.

19. Plaintiff relied upon Defendant's representations and omissions in entering into the transaction.

20. Defendant's conduct caused Plaintiff to sustain monetary damages and other consequential harm.

**FIRST CAUSE OF ACTION**
**Violation of the Truth in Lending Act and Regulation Z**

21. Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

22. Defendant failed to accurately disclose material credit terms and pricing information.

23. Defendant's disclosures were inaccurate, misleading, and materially deceptive in violation of TILA and Regulation Z.

24. As a direct and proximate result, Plaintiff sustained damages and is entitled to statutory damages, actual damages, attorney's fees, and costs.

**SECOND CAUSE OF ACTION**
**Violation of New York General Business Law § 349**

25. Defendant engaged in deceptive acts and practices directed at consumers.

26. The conduct complained of was materially misleading and likely to mislead a reasonable consumer.

27. Plaintiff suffered actual injury as a direct result of Defendant's deceptive conduct.

## THIRD CAUSE OF ACTION
## Violation of New York General Business Law § 350

28. Defendant engaged in false and misleading advertising concerning the price and status of the vehicle.

29. The window sticker price materially differed from the actual transaction price charged to Plaintiff.

30. Plaintiff relied upon Defendant's misleading window sticker and representations.

## FOURTH CAUSE OF ACTION
## Common Law Fraud

31. Defendant knowingly made false representations concerning the status, and pricing of the vehicle.

32. Defendant intended for Plaintiff to rely upon these representations.

33. Plaintiff reasonably relied upon Defendant's representations to her detriment.

34. Plaintiff sustained damages as a result of Defendant's fraudulent conduct.

## PRAYER FOR RELIEF

A. Actual damages in an amount to be determined at trial;
B. Statutory damages under TILA;
C. Treble damages pursuant to New York General Business Law §§ 349 and 350;
D. Punitive damages;
E. Rescission and restitution;
F. Attorney's fees and costs;
G. Pre- and post-judgment interest; and
H. Such other and further relief as the Court deems just and proper.

Dated: May 15, 2026
Long Island City, New York

**Respectfully submitted,**
/s/ David Kasell
David Kasell, Esq.
Kasell Law Firm
1038 Jackson Avenue, Suite 4
Long Island City, New York 11101
(718) 404-6668