UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

GINA R. GAGLIARDI,

                                      26 Civ. 02961 (KAM) (ARL)

*Plaintiff,*

    – against –

PORT JEFF CHRYSLER JEEP INC.,

    *Defendant.*

----------------------------------------------------------------------X

## DEFAULT JUDGMENT

Plaintiff Gina R. Gagliardi ("Plaintiff"), by her attorney, Kasell Law Firm, having commenced this action on May 18, 2026, by filing a Complaint asserting claims against Defendant Port Jeff Chrysler Jeep Inc. ("Defendant") under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and Regulation Z; New York General Business Law §§ 349 and 350; and common-law fraud (ECF No. 1); Defendant having been duly served with the Summons and Complaint through the office of the New York Secretary of State on May 26, 2026, and proof of service having been filed on May 27, 2026 (ECF No. 7); Defendant having failed to answer or otherwise defend this action within the time provided by law; the Clerk of the Court having entered Defendant's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on July 1, 2026 (ECF No. 10); and the Court having granted Plaintiff's motion for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure;

    **NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. Plaintiff Gina R. Gagliardi, residing at 31 Essex Drive, Coram, New York 11727, has judgment against, and shall recover from, Defendant Port Jeff Chrysler Jeep Inc., with a place of business at 5130 Nesconset Highway, Port Jefferson Station, New York 11776, on each cause of action of the Complaint.

2. The transaction by which Defendant sold Plaintiff the 2025 Jeep Grand Cherokee, VIN 1C4RJHAG7SC326314 (the "Vehicle"), including the Retail Installment Sale Contract dated February 28, 2026 (the "RISC"), is rescinded as between Plaintiff and Defendant. Plaintiff shall make the Vehicle available for retrieval by Defendant, and Defendant shall pay Plaintiff restitution of all amounts paid by or on behalf of Plaintiff in connection with the transaction—including Plaintiff's $5,000.00 cash down payment and all installment payments made under the RISC—in the total amount of $_____, and shall take all steps necessary to discharge Plaintiff's obligations under the RISC, including satisfaction of any amounts owed to any assignee or holder of the RISC.

3. Defendant shall pay Plaintiff actual damages of $14,724.55, to the extent not duplicative of the restitution awarded in paragraph 2.

4. Defendant shall pay Plaintiff statutory damages of $2,000.00 pursuant to 15 U.S.C. § 1640(a)(2)(A).

5. Defendant shall pay Plaintiff additional statutory damages of $_____ pursuant to New York General Business Law §§ 349(h) and 350-e(3), the Court finding that Defendant willfully and knowingly violated those sections.

2

6. Defendant shall pay Plaintiff attorney's fees of $7,920.00 and costs of $405.00 pursuant to 15 U.S.C. § 1640(a)(3) and New York General Business Law §§ 349(h) and 350-e(3).

7. Defendant shall pay Plaintiff pre-judgment interest of $_____, and post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961.

8. Plaintiff shall have judgment against Defendant in the total amount of $_____, and Plaintiff shall have execution thereof.

Dated: Brooklyn, New York
_____, 2026

SO ORDERED, ADJUDGED, AND DECREED:

_____
HON. KIYO A. MATSUMOTO
United States District Judge

3